JUAN ABARCA, ETC., Plaintiff and Appellee, *v.* JUAN RODRÍGUEZ ET UX., Defendants and Appellants.

No. 5316. Argued May 26, 1930.—Decided May 31, 1930.

E. *Rincón* and *A. Arroyo* for appellants. *Harry. B. Llenza* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The appellee moves for a dismissal of this appeal on the grounds that, the same having been taken on the 12th of last February and the appellants having invoked Act No. 27 of 1917, the stenographer was directed on the 25th of that month to prepare the transcript of the evidence but failed to do so within the period prescribed by the act, and that the record of the appeal has not been filed in this court within the statutory time.

By further motion the appellee also asks that the appeal be dismissed because the motion of the appellants electing the method of the preparation of the transcript by the stenographer was not filed within the period of ten days fixed by the statute.

The appellants have opposed these motions. They contend that the order of February 25 was not notified to the stenographer until after the 30th of April, and that there is now pending in the district court a motion filed by them praying that court, in the exercise of its discretion under section 140 of the Code of Civil Procedure, to consider as having been timely filed the motion whereby they elected to perfect the appeal by causing a transcript of the evidence to be prepared by the stenographer.

In *Ferrocarriles del Este* v. *Ríos,* 39 P.R.R. 77, it was declared:

"It is not the duty of the clerk to notify an appellant of the granting by the court of a motion for the preparation of a transcript of the evidence."

And in *Salichs* v. *Board of Examiners of Engineers, etc.,* 39 P.R.R. 224, 225, it was held that—

"The appeal must be dismissed, because the original time of twenty days for preparing the stenographers's notes expired without a due notice to the stenographer and a due extension for such notification was not obtained."

As already stated, in the present case the court granted the motion of the appellants and directed the stenographer on February 25 to prepare the transcript. The appellants allowed what was left of February, the whole of March and almost the entire month of April to elapse, and on the 30th of the latter month, according to the certificate attached to the opposing papers, they requested that the order of February 25 be notified to the stenographer.

Under these circumstances, and as no statement of the case has been prepared nor has the judgment-roll been filed within the period of thirty days, nor an extension therefor requested in due time, the prosecution of the appeal can not lawfully proceed.

A dismissal of the appeal on the additional ground urged would also lie. The pendency of a motion in the district court is not a bar, as it has been repeatedly held that the Supreme Court has exclusive jurisdiction to grant extensions of time whenever a statutory period, which is not of a jurisdictional character, has expired and the petition therefor is made with reasonable diligence and just cause is alleged and shown.

The appeal must be dismissed.